# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# WINSTON-SALEM DIVISION
# Case No. 1:19-CV-820

| | |
|---|---|
| **DONNETTE DAWN THOMAS**<br><br>**Plaintiff**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.**<br><br>**Defendant** | **MOTION FOR LEAVE TO FILE SURREPLY, OR IN THE ALTERNATIVE, TO AMEND PLEADINGS, OR IN THE ALTERNATIVE, TIME TO FILE SUPPLEMENTAL PLEADINGS** |

**COMES NOW** Plaintiff, Donnette Dawn Thomas, by and through counsel, and pursuant to Rule 56 (d) and (e) of the Federal Rules of Civil Procedure and Local Rule 7.3(j)(5) and (6), hereby respectfully moves this Court to allow the Plaintiff leave to file a surreply, or in the alternative, to amend the pleadings, or in the alternative, for time to file supplemental pleadings. In support of this motion, the Plaintiff shows this Court the following:

1. On November 2, 2020, the Defendant filed a motion for summary judgment in this case (Doc. 30).

2. The brief for this motion was amended on November 3, 2020, to add an affidavit from a witness.

3. This witness had not been noticed as a witness by the Defendant and the affidavit was offered a month after the close of discovery.

4. On December 3, 2020, the Plaintiff filed a reply to the Defendant's motion.

5. The Plaintiff attached to this reply a letter written by one of the Plaintiff's disclosed witnesses. The letter may be considered as evidence and the witness will be called to testify at trial concerning the facts she stated in her letter.

6. The Plaintiff also sought an affidavit from the witness as evidence to be considered by the Court when determining the Defendant's motion for summary judgment.

7. However, the Plaintiff was unable to contact the witness and so was unable to procure the affidavit.

8. On Friday, December 18, 2020, the Plaintiff was able to reach the witness.

9. The witness told the Plaintiff that she has been subject to complications from the Covid 19 pandemic. The witness' situation is extremely serious and to protect the witnesses' personal information, the Plaintiff requests a phone conference to include the Court, Plaintiff's counsel and Defendant's counsel to explain further.

10. The Defendant's reply to the Plaintiff's response to the Defendant's motion for summary judgment argues that the witness' letter is hearsay and cannot be considered for summary judgment. *See, Defendant's Reply*, p. 6. (Doc. 37).

11. The Middle District of North Carolina has addressed this issue, the same as the Eastern District did in *Myrick v. Equifax Info. Servs., LLC*, No. 5:15-CV-00562-BR, 2017 WL 4798154 (E.D.N.C. Oct. 24, 2017):

   > SCB contends that "Exhibits 2–25 and 34–35 to Plainitffs' response brief are unauthenticated documents which should not be considered, unless properly authenticated elsewhere in the record." **(citing *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir.1993).)** However, "the 2010 amendment to Federal Rule of Civil Procedure 56 changed the procedure for submitting materials on summary judgment." "The new rule eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated" Under the new rule, "if the opposing party believes that the cited materials 'cannot be presented in a form that would be admissible in evidence,' that party must file an objection." Because SCB has not filed an objection contending that the cited material "cannot be presented in a form that would be admissible in evidence," no basis exists for the Court to decline consideration of the material at issue, see Foreword Magazine, 2011 WL 5169384, at *2 ("Significantly, the objection contemplated by the amended Rule is not

that the material 'has not' been submitted in admissible form, but that it 'cannot' be.").

*Slate v. Byrd*, No. 1:09CV852, 2013 WL 1103275, at *2 (M.D.N.C. Mar. 15, 2013), *report and recommendation adopted as modified*, No. 1:09CV852, 2013 WL 2474336 (M.D.N.C. June 10, 2013) (internal citations and punctuations omitted). *Orsi* is the same case relied on by the Defendant here. This reliance is misplaced.

12. The Defendant has objected that the letter could not be presented in a form that would be admissible. However, the letter can be submitted in admissible form by simply having the witness sign the letter before a notary public.

13. Indeed, the witness will testify to the same facts at trial and so the contents of the letter are admissible at trial.

14. This is an attempt by the Defendant to keep from the Court the most important and relevant facts of the case. This is not what the Rules contemplate.

15. As an alternative to a surreply, the Plaintiff asks for time to procure an affidavit from the witness so that the Court will be apprised of all evidence that is available for trial.

16. Rule 56(d) of the Fed, R. Civ. P. allows this Court to grant to the Plaintiff (the non-movant in this motion) time to obtain affidavits when facts are unavailable to the non-movant for specific reasons and the facts are essential to justify the non-movant's opposition.

17. Here the affidavit that the Plaintiff would rely on to directly oppose the Defendant's motion was not available to the Plaintiff for the reasons set forth herein.

18. In the alternative, if this court determines that the Plaintiff has failed to properly support an assertion of fact or properly address an assertion of fact in the Defendant's motion,

Rule 56(e) authorizes this Court to, among other relief, give the Plaintiff an opportunity to properly support or address the fact.

19. Allowing the Plaintiff time to procure the affidavit would accomplish this goal.

20. This motion is made as quickly as possible so that the Court will be able to consider this affidavit before it begins deliberation on the Defendant's motion.

21. The Plaintiff's case should not be dismissed based on a lack of evidence when the evidence was unavailable through no fault of the Plaintiff and is now available.

22. Finally, the Court could also grant a hearing on the matter and the Plaintiff could produce the witness' affidavit at any time prior to the summary judgment hearing.

**WHEREFORE,** the Plaintiff respectfully requests leave to file a surreply in this matter, or in the alternative, an additional seven days to procure this affidavit and amend the Plaintiff's response to the Defendant's motion for summary judgment; or in the alternative, for time to file supplemental pleadings and attach the affidavit, or for such other and further relief as this court may deem just and proper.

**TODAY** is December 21, 2020.

### COLLUM & PERRY

*/s/ M. Shane Perry*
**M. Shane Perry**
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
Fax: 704-663-4178
shane@collumperry.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
Case No. 1:19-CV-820

| | |
|---|---|
| **DONNETTE DAWN THOMAS**<br><br>**Plaintiff**<br><br>v.<br><br>**EQUIFAX INFORMATION SERVICES, LLC.**<br><br>**Defendant** | **MOTION FOR LEAVE TO FILE SURREPLY, OR IN THE ALTERNATIVE, TO AMEND PLEADINGS, OR IN THE ALTERNATIVE, TIME TO FILE SUPPLEMENTAL PLEADINGS** |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing via electronic mail to the following attorneys of record:

**SEYFARTH SHAW, LLP**

Eric Barton
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
ebarton@seyfarth.com
*Attorney for Defendant*

**TODAY** is December 21, 2020.

**COLLUM & PERRY**

*/s/M. Shane Perry*
M. Shane Perry
North Carolina Bar No. 35498
109 W. Statesville Ave.,
Mooresville, North Carolina 28115
704-663-4187
shane@collumperry.com
*Attorney for Plaintiff*