IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONNETTE DAWN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV820 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Donnette Thomas ("Thomas"), initiated this action against Defendant Equifax Information Services, LLC ("Equifax") alleging negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and seeking compensatory, punitive, actual, and statutory damages. (ECF No. 1 at 1, 8, 10.) Before the Court is Defendant's Motion for Summary Judgment. (ECF No. 30.) For the reasons set forth below, Defendant's motion will be denied.

## I.    BACKGROUND

In early 2018, Plaintiff began the process of purchasing a home and was pre-approved for a mortgage though Movement Mortgage for 1.6 million dollars ($1,600,000.00). (ECF No. 1 ¶¶ 15–16.) Given the pre-approval, in February 2018 Plaintiff made an offer to purchase, had the home inspected, and paid earnest and due diligence money. (*Id.* ¶¶ 18–19.) The sellers accepted Plaintiff's offer to purchase, and she moved forward with the closing process. (*Id.*

¶¶ 20–21.) Plaintiff's projected closing date was May 9, 2018. (*Id.* ¶ 23.) On that date, Plaintiff pulled her credit report from Equifax. (*Id.* ¶ 24.) According to Plaintiff, the report was incomplete, and noted one (1) open account, five (5) negative accounts, and one (1) collection account under the name of "Donnette Thomas." (*Id.* ¶ 25–27.) Plaintiff alleges that her loan officer, Kayte Bost, informed her that she would not be able to close on the home by the closing date because of the derogatory accounts contained on her Equifax report. (*Id.* ¶ 28.)

Plaintiff contacted Equifax to dispute the allegedly inaccurate information and to have her report updated. (*Id.* ¶ 30.) While Plaintiff was on the phone with an Equifax agent regarding the allegedly inaccurate information, she was informed that her credit file had been split under two related names. (*Id.* ¶ 36.) In response to Plaintiff's inquiry, Equifax then combined the two credit files that were associated with Plaintiff's personal identifying information. (*Id.*) While the phone conversation was still ongoing, Plaintiff pulled her credit report for a second time. (*Id.* ¶ 37.) This time the report reflected eleven (11) open accounts, five (5) negative accounts, and one (1) collection account as well as a credit score in the mid-500s. (*Id.* ¶ 39.) According to Plaintiff, the negative account information on the report had previously been disputed and deleted, and it should not have been contained as a part of her report. (*Id.* ¶¶ 40–43.) The following day, Plaintiff pulled her Equifax report for a third time and it displayed two (2) additional negative accounts. (*Id.* ¶ 44.) Plaintiff alleges that she was unable to close on the home on the scheduled closing date due to the erroneous information contained in her Equifax report and the sellers would not extend the closing date. (*Id.* ¶ 48.) Because Plaintiff was unable to obtain a mortgage, a third party purchased the home, rented it to Plaintiff, and gave her an option to purchase the home. (*See* ECF Nos. 31-1 at 57–58;

2

35-5; 35-6.)  This transaction resulted in Plaintiff paying over three thousand dollars more a month in rent than she would have paid had she obtained the mortgage from Movement Mortgage.  (ECF No. 1 ¶¶ 54–56.)

## II.    STANDARD OF REVIEW

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotations omitted).  "It is axiomatic that in deciding a motion for summary judgment, a district court is required to view the evidence in the light most favorable to the nonmovant" and to "draw all reasonable inferences in his favor." *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019) (citing *Jacobs*, 780 F.3d at 568).  That means that a court "cannot weigh the evidence or make credibility determinations," *Jacobs*, 780 F.3d at 569, and thus must "usually" adopt "the [nonmovant's] version of the facts" even if it seems unlikely that the plaintiff would prevail at trial, *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).  That said, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Case 1:19-cv-00820-LCB-JEP   Document 54   Filed 06/04/21   Page 3 of 8

## III.  DISCUSSION

### A.  Fair Credit Reporting Act

As earlier stated, Plaintiff seeks relief pursuant to the FCRA.  (ECF No. 1 at 1.)  The Act "seeks to ensure 'fair and accurate credit reporting.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016) (citing 15 U.S.C. § 1681(a)(1)).  Further, the FCRA "exclusively regulates reporting and use of credit information."  *Wilson v. Chrysler Cap.*, No. 19-CV-975, 2019 WL 12107374, at *2 (M.D.N.C. Nov. 14, 2019) (quoting *Smith v. Am. Express*, No 1:13–3014, 2014 WL 4388259, at *4 (S.D. W. Va. Sept. 4, 2014) (citing 15 U.S.C. § 1681, *et seq.*)).  The Act also regulates how credit reporting agencies collect and transmit credit-related information to ensure that accurate information is reported, *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414–15 (4th Cir. 2001), and allows consumers to challenge information in a consumer's file that they believe is inaccurate or incomplete, *see* 15 U.S.C. § 1681i.  To prevail on a claim for violation of § 1681e(b), a plaintiff must prove that: (1) his consumer report contains inaccurate information; (2) the credit reporting agency did not follow reasonable procedures to assure maximum possible accuracy of that consumer report; and (3) the plaintiff suffered damages.  *Dalton*, 257 F.3d at 415 (citing 15 U.S.C. § 1681e(b)).  "A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect."  *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff alleges that Defendant "willfully and recklessly or negligently failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared and/or published pertaining to Plaintiff, in violation of 15 U.S.C. §1681e(b)." (ECF No. 1 ¶ 68.)  Plaintiff further alleges that, by reinserting information that it had

4

previously deleted due to inaccuracy, Defendant violated § 1681i(a)(5)(B)(i). (*Id.* ¶ 73.) According to Plaintiff, these actions, among other things, led to the misrepresentation of Plaintiff's creditworthiness and therefore Plaintiff was unable to obtain financing for the purchase of a desired home. (*Id.* ¶¶ 76, 78.)

Though such actions and harm fall under the purview of the FCRA, Defendant contends that there is no genuine dispute that Movement Mortgage denied Plaintiff financing because of additional factors not implicating Equifax. (ECF No. 31 at 1.) According to Defendant, discovery has "unequivocally established" that Plaintiff was denied financing because Movement Mortgage was unable to obtain her tax transcripts from the IRS. (*Id.* at 1, 2.) Therefore, it argues, Plaintiff does not have Article III standing because the evidence in the record demonstrates that Equifax was not the cause behind Plaintiff being denied financing. (*Id.* at 14.) Accordingly, the Court must consider whether Plaintiff has provided sufficient evidence to create a genuine dispute as to whether Defendant's actions have a causal nexus to Plaintiff's claimed injury.

## B. Article III Standing

The jurisdiction of a federal court is limited to cases and controversies under Article III of the United States Constitution. U.S. Const. art. III, § 2. Standing to sue, therefore, "ensure[s] that federal courts do not exceed their authority." *Spokeo*, 136 S. Ct. at 1547. To establish constitutional standing at the summary judgment stage, a plaintiff must set forth specific facts by affidavit or other evidence that she: (1) suffered an injury in fact, (2) that is fairly traceable to the defendant's conduct complained of, and (3) that is likely to be redressed by a favorable judicial decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations

5

omitted).  Plaintiffs bear the burden of establishing these elements.  *Id.* at 561.  In the instant matter, Defendant focuses its argument for summary judgment on the second element: whether the injury Plaintiff complains of is traceable to its conduct.

Defendant contends that, "without Plaintiff's tax transcripts, it did not matter what information did or did not appear in her Equifax credit report—Movement Mortgage would not close the loan." (ECF No. 31 at 15.)  Despite Defendant's argument, the FCRA does not require that a credit agency's action be the only reason that a plaintiff experiences harm.  The plain language of § 1681n and § 1681o both provide that civil liability may be found where there is any "actual damages sustained . . . as a result of the [Defendant's failure to comply]" with the FCRA.  15 U.S.C. §§ 1681n, 1681o.  The Fourth Circuit has not given clear guidance on the extent to which a Plaintiff must demonstrate a causal nexus.  However, district courts in the Fourth Circuit have found that varying degrees of "some causal nexus" may be sufficient.  *See Ali v. Equifax Info. Servs., LLC*, No. 5:20-CV-173-FL, 2020 WL 6049908, at *3– *4 (E.D.N.C. Oct. 13, 2020) (compiling cases that discuss the causal relationship a plaintiff must show to demonstrate that a defendant can be found liable under 15 U.S.C. §§ 1681n or 1681o).

While Defendant argues that "Plaintiff cannot establish that her harm is traceable to any inaccurate FCRA-violating information by Equifax," (ECF No. 31 at 17), a genuine dispute of material fact exists as to the reason, or reasons, that Plaintiff was denied funding by Movement Mortgage.  Defendant dedicates a portion of its argument to calling into question the credibility of a letter signed by Plaintiff's loan officer, Ms. Stephens-Bost, which states that Movement Mortgage took the Equifax information into account in denying Plaintiff's

6

mortgage. (*Id.* at 9–10, 16–17.) Defendant argues that "Ms. Stephens-Bost's specious letter deserves no consideration." (ECF No. 32 at 18.) Defendant furthered this position with the filing a supplemental memorandum of law merely for the purpose of including information obtained by Lisa Qualls of Movement Mortgage as well as a declaration from her to combat the evidence pertaining to the letter signed by Ms. Stephens-Bost. (*See generally id.*) While it appears that Plaintiff's claim hinges on the credibility of Ms. Stephen-Bost and the relevant letter, at the summary judgment stage the Court cannot weigh evidence or make witness credibility determinations. *Jacobs*, 780 F.3d at 569.

Plaintiff has provided a letter signed by her loan officer that states that, in the final stages of closing, Movement Mortgage was "unable to close on [Plaintiff's] loan" "[d]ue to the misinformation reported on her Equifax Credit Report." (ECF No. 35-2.) Further, Plaintiff has produced 30(b)(6) deposition testimony from Defendant that raises issue of the reasonableness of its record keeping practices. (*See* ECF Nos. 35-13, 35-14.) It is not for the Court at this stage to determine the credibility of Plaintiff's witnesses or the weight to be given to the evidence she offers, rather merely to determine whether there is a genuine dispute between the parties. To that end, the Court finds that there is a genuine dispute as to whether conduct by Defendant resulted in the harm claimed by Plaintiff and that a reasonable jury could find that Defendant's actions led to or contributed to it. Accordingly, the Court will deny Defendant's Motion for Summary Judgment.

7

## ORDER

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment, (ECF No. 30), is **DENIED**.

This, the 4th day of June 2021.

/s/ Loretta C. Biggs
United States District Judge